UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GILBERT MCFADDEN,

                Plaintiff,             Case No. 10-CV-14457
                                              HON. GEORGE CARAM STEEH

vs.

FUYAO NORTH AMERICA INC., *et al.*,

                Defendants.
_____/

## ORDER DENYING DEFENDANT FUYAO GLASS INDUSTRY GROUP CO., LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### I. INTRODUCTION

On October 4, 2010, plaintiff, Gilbert McFadden, filed his second amended complaint against defendants Fuyao Glass Industry Group Company (Fuyao Glass), Fuyao North America Incorporated (Fuyao North America) and Curved Glass Distributors of 72 Chapel Street (Curved Glass). Plaintiff alleges one count of negligence arising out of injuries he sustained when several windshields, allegedly manufactured and packaged by Fuyao Glass, fell on him causing him to fall from a moveable staircase. On November 8, 2010, defendant Fuyao Glass, a foreign corporation with its principal place of business in Fuzhou, China, removed the instant action from the Wayne County Circuit Court, Detroit, Michigan pursuant to 28 U.S.C. § 1441 and 1446.

### II. PROCEDURAL BACKGROUND

On the same date that this action was removed from state court, Fuyao Glass filed

a motion to dismiss the second amended complaint based on improper service under the Hague Convention and for lack of personal jurisdiction. On January 24, 2011, the court heard oral argument on Fuyao Glass's motion to dismiss. The court agreed that the allegations in the second amended complaint were deficient with respect to establishing personal jurisdiction over a foreign corporation, and that service of process was improper under the Hague Convention. See Dkt. No. 11. The court's January 24, 2011 order required plaintiff to file a third amended complaint and to comply with the terms of the Hague Convention in effectuating service of process of the summons and a copy of the third amended complaint upon Fuyao Glass. Id.[1] The court denied defendant's motion to dismiss without prejudice and permitted discovery related to issues of service of process and personal jurisdiction. Id. At the hearing on defendant's motion, the court explained that Fuyao Glass could re-file its motion contesting jurisdiction once it was properly served with the third amended complaint.

On January 3, 2012, Fuyao Glass filed the present motion to dismiss for lack of personal jurisdiction arguing that plaintiff continues to allege no legitimate basis for exercising personal jurisdiction over Fuyao Glass. A hearing was held on March 8, 2012, and for the reasons that follow, the court denies Fuyao Glass's motion to dismiss for lack of personal jurisdiction.

### III. ANALYSIS

"A federal court's exercise of personal jurisdiction in a diversity of citizenship case must be both (1) authorized by the law of the state in which it sits, and (2) in accordance

---

[1] Fuyao Glass represents in its present motion that proper service of process occurred on December 13, 2011.

with the Due Process Clause of the Fourteenth Amendment." Neogen Corp. v. Neo Gen Screening, Inc., 282 F. 3d 883, 888 (6th Cir. 2002). Plaintiff has the burden of establishing that this court has personal jurisdiction over Fuyao Glass. Id. at 887. In Michigan, jurisdiction over a foreign corporation can either be general or limited. See MICH. COMP. LAWS § 600.711; MICH. COMP. LAWS § 600.705 and § 600.715. The Michigan long arm statute subjects foreign corporations to the jurisdiction of the courts of this state when it engages in "[t]he carrying on of a continuous and systematic part of its general business within the state."[2] Mich. Comp. Laws § 600.711(3).

General personal jurisdiction exists over a foreign corporation if it engages in "[t]he carrying on of a continuous and systematic part of its general business within the state." MICH. COMP. LAWS § 600.711(3). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations v. Brown, 131 S. Ct. 2846 (2011).

Fuyao Glass argues that plaintiff's allegations lack sufficient detail to establish that it carries on continuous and systematic business in Michigan. Fuyao Glass argues that it has no offices in Michigan, nor does it send employees or agents into the state and has little contact with any Michigan corporations. Specifically, plaintiff alleges that:

    8.    [T]he Defendant, Fuyao Group, supplies glass products to automobile manufacturers located throughout the world and the United States

---

[2] Because the court concludes that it has general personal jurisdiction over Fuyao Glass, it declines to address Fuyao Glass's arguments concerning limited personal jurisdiction.

> including the State of Michigan.
> 9. [T]he Defendant, Fuyao Group ships its products directly to automobile manufacturers located in the United States including the State of Michigan.
> 10. [T]he Defendant, Fuyao Group distributes its glass products to companies throughout the State of Michigan on a continuous and systematic basis.
> 11. Defendant, Fuyao Group, has other continuous and systematic contacts within the State of Michigan.
> 12. That based on the continuous and systematic contact with the State of Michigan, the State of Michigan has general personal jurisdiction over Defendant, Fuyao Group.

Plaintiff maintains that Fuyao Glass conducts continuous and systematic business in this state because Fuyao Glass has several purchase agreements with General Motors North America Detroit. Plaintiff relies on the deposition testimony of Stephanie Smith, glass buyer for General Motors. Specifically, Ms. Smith testified that when she began her position at General Motors in July of 2010 she made glass purchases from Fuyao Glass. See Plf.'s Resp., Ex. A, Dep. Tr. of Stephanie Smith at 99. She also testified that her contact person at Fuyao Glass is Chris Feng, who is located in Lake Orion, Michigan. However, Ms. Smith later clarified that Chris Feng works for Fuyao North America in its plant located in Lake Orion, Michigan. Id. at 61-63. Ms. Smith testified that glass is shipped from Fuyao Glass to Fuyao North America on a regular basis. Id. at 99. Ms. Smith estimated that she has sent an email to Fuyao Glass ordering glass shipments to North America somewhere between fifty and one hundred times. Id. at 16-17.

In Goodyear Dunlop Operations, the United States Supreme Court held that the North Carolina courts could not exercise personal jurisdiction over a foreign subsidiary of Goodyear U.S.A. that manufactured tires primarily for sale in European and Asian markets even though some of the foreign subsidiary's tires "were distributed within North Carolina

by other Goodyear USA affiliates." 131 S. Ct. at 2852. In that case, two thirteen-year old boys were killed in Paris in a bus accident attributed to a defective tire manufactured in Turkey at the plant of a foreign subsidiary of Goodyear USA. Id. at 2850. The Supreme Court rejected the state court's conclusion that placing the tires in the "stream of commerce" was sufficient for the exercise of personal jurisdiction over Goodyear USA's foreign subsidiary. Id. at 2851. In reaching this conclusion, the court noted:

> [P]etitioners are not registered to do business in North Carolina. They have no place of business, employees, or bank accounts in North Carolina. They do not design, manufacture, or advertise their products in North Carolina. And they do not solicit business in North Carolina or themselves sell or ship tires to North Carolina customers. Even so, a small percentage of petitioner's tires (tens of thousands out of tens of millions manufactured between 2004 and 2007) were distributed within North Carolina by other Goodyear USA affiliates.

Id. at 2852.

The Goodyear Dunlop Operations court concluded that the state court's reliance on a stream of commerce theory to establish general jurisdiction was misplaced.

> Flow of a manufacturers products into the forum, we have explained, may bolster an affiliation germane to specific jurisdiction. . . . But ties serving to bolster the exercise of specific jurisdiction do not warrant a determination that, based on those ties, the forum has general jurisdiction over a defendant.

Id. at 2855 (emphasis in original). Because the defendant had insufficient ties to North Carolina, the court concluded that the foreign corporation's connections to the forum "fall short of 'the continuous and systematic general business contacts' necessary to empower North Carolina to entertain suit against them on claims unrelated to anything that connects them to the State." Id. at 2857. This was true even though some of the corporations's tires were purchased in North Carolina because "mere purchases made in the forum State, even if occurring at regular intervals, are not enough to warrant a State's assertion of general

jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." Id. at 2856 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 418 (1984)).

Relying on the Goodyear Dunlop Operations holding, Fuyao Glass argues that plaintiff has "failed to cite to anything to establish that having regular contact with China resulted in any products being shipped directly into the state of Michigan nor how many times these products were shipped directly into the state of Michigan. Fuyao Glass argues that the evidence presented by plaintiff shows that (1) GM occasionally would use Fuyao Glass's products (2) Fuyao Glass delivered goods to GM in Adelaid, Austraila, (3) Fuyao Glass had a contract with GM in Arizona, and (4) Fuyao Glass had a contract outside of the relevant time frame but did not ship products into Michigan. Fuyao Glass also argues that the purchase orders plaintiff attaches to its responsive brief do not point to a single shipment that went from Fuyao Glass's facility in China into the state of Michigan in the relevant time period.

Fuyao Glass appears to misrepresent what the evidence shows. Ms. Smith testified that in her capacity as buyer for General Motors, she would create the contracts between General Motors and Fuyao Glass. See Def.'s Reply, Ex. A at 20. These contracts enable General Motors plants throughout North America to send purchase orders for windshields, door and rear glass to Fuyao Glass. Id. at 18-20. She testified that shipments that come from Fuyao Glass are shipped to Fuyao North America in Lake Orion. Id. at 54. When asked about a purchase order dated January 18, 2011, she indicated that the reference to Fuyao USA Warehouse is the Lake Orion facility. Id. at 55.

A review of the purchase order and contracts also suggests that Fuyao Glass is

misrepresenting its level of contact with this forum. For instance, a purchase contract with an effective date of July 6, 2008 through April 29, 2011 states the seller as Fuyao Glass and General Motors LLC, located at 300 Renaissance Center, Detroit, Michigan. See Plf.'s Resp., Ex. F. This same purchase contract states in relevant part:

> As a result of Global Sourcing, Fuyao is awarded as the new supplier on the GMX 386 acoustic, laminated door program supporting Orion assembly only. GM is responsible for transportation from China to Fuyao warehouse in Detroit area. Parts are repacked into returnable containers and then GM picks up the parts from warehouse.
>
> Awarded piece price and tooling as follows:
> 15210616/7: $22.00
> Reduction schedule: 3,3,3 effective July 13, 2009
> Tooling: $65,000
>
> SOP for Fuyao is July 13, 2008
>
> C. Bolin
>
> November 2, 2007

Id. at 5. Similarly, a contract between Fuyao Glass and General Motors listing the effective date of March 3, 2008 through March 3, 2011 states in relevant part: "Resourcing of GMX 386 door glass to Fuyao. GM Orion assembly plant." Id.

Goodyear Dunlop Operations is therefore distinguishable from the present case because Fuyao Glass's shipments of glass to this forum were not attenuated, they were intentionally directed here. Fuyao Glass has done more than "merely placing a product into the stream of commerce destined for the United States." See Def.'s Mot. at 6. Fuyao Glass's contractual relationship with General Motors in Detroit distinguishes this matter from Goodyear Dunlop Operations because Fuyao Glass has supplied glass over a period of years to Michigan pursuant to its agreement with General Motors. While Smith's

deposition testimony could have been clearer, it is evident from her testimony that regular shipments of hundreds of thousands of windshields are sent directly to Fuyao's subsidiary, based in Lake Orion, Michigan. Her testimony also described her regular interaction with Chris Feng at Fuyao North America in Lake Orion and her contact at Fuyao Glass in China, David; such communication directed to management and control of the flow of glass goods into Michigan to fulfill a very substantial contract between Fuyao Glass and General Motors.

Fuyao Glass's reliance on J. McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780 (2011) is also unavailing. In J. McIntyre, the Supreme Court rejected the Supreme Court of New Jersey's holding that a court can exercise limited personal jurisdiction over a foreign defendant "so long as the manufacturer knows or reasonably should know that its products are distributed through a nationwide distribution system that might lead to those products being sold in any of the fifty states." Id. at 2785 (internal quotations omitted). In that case, the plaintiff's hand was seriously injured by a metal shearing machine manufactured by a foreign corporation. Id. at 2786. The injury occurred in New Jersey. Id. The evidence established that the defendant had no offices or employees in New Jersey, and used an independent company to sell its machines in the United States, only four of which, including the machine that caused the injury, ended up in the United States. Id. These facts were held to be insufficient to establish that the defendant "engaged in conduct purposefully directed at New Jersey." Id. at 2790. The Supreme Court relied on the fact that the defendant neither marketed in, nor shipped its goods directly to New Jersey, rather its marketing and sales efforts were directed at the United States. Id. at 2786, 2790. In contrast, Fuyao Glass has contracted with a Michigan corporation to furnish materials within the state.

Fuyao Glass's reliance on Indah v. S.E.C., 661 F. 3d 914 (2011) does not alter this court's conclusion. In Indah, the Sixth Circuit Court of Appeals affirmed the district court's conclusion that it did not have limited personal jurisdiction over the defendant-foreign corporation. Id. at 922-23. In so concluding, the Indah court relied on the district court's finding that the defendant foreign corporation's activities were insufficient to constitute "the transaction of any business within the state." Id. at 923. The defendant foreign corporation conducted business with a non-Michigan company, "that, in turn, did business with Ford Motor Company[,]" a Michigan corporation. Id. Indah is therefore not directly on point as Fuyao Glass maintains. Here, Fuyao Glass contracted directly with a Michigan corporation to supply glass to its subsidiary in Lake Orion, Michigan.

Thus, the court concludes that Fuyao Glass has engaged in "[t]he carrying on of a continuous and systematic part of its general business within" Michigan, thus exercise of this court's personal jurisdiction over Fuyao Glass is authorized under Michigan law. Further, the court concludes that exercise of personal jurisdiction over Fuyao Glass comports with the Due Process Clause. "[A] court's exercise of its power over an out-of-state defendant must not offend traditional notions of fair play and substantial justice." Indah, 661 F. 3d at 920 (internal quotations omitted) (citing Int'l Shoe Co., 326 U.S. at 316)). This requires a finding that Fuyao Glass has sufficient "minimum contacts" with this state such that Fuyao Glass should have "reasonably anticipate[d] being haled into court" in the State of Michigan. Id. (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

Here, Fuyao Glass should have reasonably anticipated being haled into this court. It submitted bids to General Motors in Detroit and was awarded a contract for a period of

years to supply regular shipments of glass to its subsidiary located in Lake Orion, Michigan, as well as General Motors plants throughout the nation. That Fuyao Glass should reasonably have anticipated suit here is further supported by a purchase contract, effective July 6, 2008 through April 29, 2011, that Fuyao Glass entered into with General Motors in Detroit. See Plf.'s Resp., Ex. F. The purchase contract's attachment includes a choice of law and venue provision, which states in relevant part: "Any action or proceeding by Buyer against Seller may be brought by Buyer in any court(s) having jurisdiction over Seller or, at Buyer's option, in the court(s) having jurisdiction over Buyer's location, in which event Seller consents to jurisdiction and service of process in accordance with applicable procedures." Id. Fuyao Glass reached out to General Motors in Detroit, bid on, and was awarded a contract to regularly ship its glass products to its subsidiary in Michigan. Requiring Fuyao Glass to be haled before this court does not offend traditional notions of fair play and substantial justice.

## IV. CONCLUSION

Accordingly,

Fuyao Glass's motion to dismiss for lack of personal jurisdiction [#45] is DENIED.


Dated: April 12, 2012

                                                 S/George Caram Steeh
                                                 GEORGE CARAM STEEH
                                                 UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 12, 2012, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk