IN THE UNITED STATE DISTRICT COURT
EASTER DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GILBERT McFADDEN,

    Plaintiff,

vs.                                                  Case No.: 10-cv-14457
                                                     Honorable GEORGE CARAM STEEH

FUYAO NORTH AMERICA
INCORPORATED a South
Carolina Corporation, and
FUYAO GLASS INDUSTRIES GROUP CO., LTD,
CURVED GLASS DISTRIBUTORS OF 72 CHAPEL STREET,

    DefendantS.
_____/

| | |
|---|---|
| MINDELL MALIN KUTINSKY STONE & BLATNIKOFF<br>BRIAN A. KUTINSKY (P39107)<br>Attorney for Plaintiff<br>25505 W. 12 Mile Road, #1000<br>Southfield, MI  48034<br>(248) 353-5595<br><br>ROBERT N. HESTON (P63934)<br>Attorney for Def. Curved Glass<br>One Towne Square, Ste. 470<br>Southfield, MI  48076<br>(248) 223-0120 | LAW OFFICES OF GAIL L. STORCK<br>ANN E. MERRY (P36009)<br>Attorney for Def. Fuyao North America<br>700 Tower Drive, Suite 550<br>Troy, MI  48098<br>(248) 631-2101<br><br>DAVE A. RAMMELT<br>Attorney for Def. Fuyao Glass<br>70 W. Madison St., Ste. 3100<br>Chicago, IL  60602-4207<br>(312) 807-4414<br><br>JAMES D. ROUSH (P73024)<br>Attorney for Def. Fuyao Glass<br>201 South Division Street, Ste. 400<br>Ann Arbor, MI  48104<br>(734) 930-0237 |

## **STIPULATED PROTECTIVE ORDER**

    The Court orders as follows:

1. Each party shall mark all documents subject to this Protective Order as "Confidential." The documents and information contained therein shall be used, shown, and disclosed only as provided in this Protective Order. The term "Confidential" as used in this Protective Order shall be construed to include all of the information contained in each document so marked.

2. Confidential documents and information shall be made available only to "Qualified Persons." The term "Qualified Persons" means the Court and its officers, the parties, counsel of record, independent experts and consultants, and those clerical employees assisting each counsel, independent expert, and consultant. No person shall have access to Confidential documents or information unless they are a "Qualified Person." No person who gains access to such Confidential documents or information may disclose their contents or the information contained therein to any person other than a "Qualified Person."

3. Confidential documents and information may be disclosed and used solely for the purpose of this lawsuit and for no other purpose.

4. Confidential documents and information may be used at trial or at depositions in accordance with the following safeguards. If Confidential documents and information are used in depositions or at trial, all portions of the transcript of such depositions and trial testimony, and exhibits thereto, that refer or relate to such Confidential documents and information shall themselves be considered to be Confidential and subject to this Protective Order.

5. Confidential documents and information shall not be filed with the Court Clerk unless an exception under Local Rule 26.4 (c) of the Federal Rules of Civil Procedure applies.

6. At the conclusion of this action, all Confidential documents and information and all copies thereof, shall be returned to counsel for the disclosing party or destroyed.

7. If any party contends that any document, information, or portion thereof that another party designates as Confidential is not entitled to protection, that party must so notify the disclosing party in writing.  The disclosing party shall serve upon such party an Affidavit or other appropriate document in support of its claim of confidentiality within ten (10) days of receipt of the notice.  If the party is so advised, it may then move the Court to resolve the dispute over confidentiality. The information shall continue to be protected as Confidential until further Order of the Court pursuant to a hearing.

8. Nothing in this Protective Order will prejudice any party from seeking amendments broadening or restricting the rights of access to and use of Confidential documents and information, contesting the designation of documents or information as Confidential, or contesting the designation of a person as a Qualified Person.

SO ORDERED this 27th day of June, 2012.

                                                  s/George Caram Steeh
                                                  United States District Judge

Dated:  June 27, 2012

So stipulated:

By: /s/ BRIAN A. KUTINSKY
MINDELL MALIN KUTINSKY STONE
& BLATNIKOFF
Attorney for Plaintiff
25505 W. 12 Mile Road, #1000
Southfield, MI  48034
(248) 353-5595

By: /s/ ANN E. MERRY
LAW OFFICES OF GAIL L. STORCK
Attorney for Def. Fuyao North America
700 Tower Drive, Suite 550
Troy, MI  48098
(248) 631-2101

By: /s/ ROBERT N. HESTON (P63934)
Attorney for Def. Curved Glass
One Towne Square, Ste. 470
Southfield, MI  48076
(248) 223-0120

By: /s/ DAVE A. RAMMELT
Attorney for Def. Fuyao Glass
70 W. Madison St., Ste. 3100
Chicago, IL  60602-4207
(312) 807-4414

By: /s/ JAMES D. ROUSH (P73024)
Attorney for Def. Fuyao Glass
201 South Division Street, Ste. 400
Ann Arbor, MI  48104
(734) 930-0237